

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1146
Re: Power of Liquor Control Board
to restrict credit terms on
sales of purchases of alcoho-
lic beverages.

In your letter of recent date you submit to us the
proposed Rule and Regulation No. 28 attached to your letter,
and state that:

"The question presents itself:  first, as
to whether or not the Legislature would have the
authority to grant the Board power to pass such
rule and regulation even if the act is broad
enough to grant the Board such power; second,
whether or not the Board has been granted power
and authority to pass such rule and regulation
and to enforce same under the provisions of the
Texas Liquor Control Act; third, whether or not
such rule and regulation, if promulgated by the
Board, would be void, as repugnant to the anti-
trust laws."

Section 6 of the Liquor Control Act, among other things,
provides, in subdivision (d), that the Liquor Control Board
shall have power:

"To exercise all other powers, duties, and
functions conferred by this Act, and all powers
incidental, convenient, or necessary to enable
it to administer or carry out any of the provi-
sions of this Act and to publish all necessary
rules and regulations."

Section 17 of the Act provides that it shall be unlaw-
ful for any person who owns or has an interest in the busi-
ness of a distiller, brewer, rectifier, wholesaler, winery,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford, Page #2.

or wine bottler, or any agent, servant, or employee "to furnish, give, or lend any money, service, or other things of value, or to extend unusual credit terms to any retailer, or to any person, for the use, benefit, or relief of such retailer, or to guarantee the fulfillment of any financial obligation of any retailer."

Section 24 of Article 2 of the Liquor Control Act provides:

"The extension of credit for longer period of time than is generally extended to regular customers of a manufacturer or distributor covering the purchase of brewery products from such manufacturer or distributor shall be deemed unusual credit terms."

The last quotation from the Act is the only definition of the term "unusual credit terms" which we have found in the Act. While it is in Article 2, we think it does evidence the legislative intent and defines what is meant by the same phrase as used in Article 1.

We are of the opinion that the power given the Board to prevent the granting of unusual credit is not the same as the power to require cash to be paid.

In Commercial Standard Insurance Company vs. Board of Insurance Commissioners, 34 S. W. (2d) 343, the court said:

"The Board can exercise only the authority conferred upon it by law in clear and unmistakable terms, and will not be deemed to be given by implication, nor can it be extended by inference, but must be strictly construed."

In McDonald vs. American Fruit Growers, Inc., 126 S. W. (2d) 83, (which is the Court of Civil Appeals opinion) and 127 S.W. (2d) 291 (which is the opinion of the Supreme Court, dismissing the application for writ of error), a very similar question was considered, and it was there decided by the Court that the power had not been granted by the Legislature. Under that authority we are of the opinion that the power to promulgate the proposed rule and regulation has not been granted by the Legislature.

We deem it unnecessary to answer the other question, particularly, since the Supreme Court, in passing on the

609

Hon. Bert Ford, Page #3.

application in the McDonald case, declined to state whether the Legislature might delegate the power. In any event, that question may be answered if and when the Legislature grants the power.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *A. S. Rollins*

A. S. Rollins
Assistant

ASR:pbp

APPROVED AUG 4, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *RWF*
CHAIRMAN